# Exhibit 1 to Notice of Removal

IN THE CIRCUIT COURT OF THE NINTH CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

SOPHIA FRANCOIS, on her own behalf, and on behalf of those similarly situated,

    Plaintiff,

Case No.:

-vs-

ENTERTAINMENT BENEFITS GROUP, LLC, a Foreign Limited Liability Company,

    Defendant.

_____

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SOPHIA FRANCOIS, on her own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendant, ENTERTAINMENT BENEFITS GROUP, LLC, a Foreign Limited Liability Company, for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and violations of the Family and Medical Leave Act ("FMLA"), and alleges as follows:.

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages and other relief pursuant to the FLSA. Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the FLSA.

2. This action is intended to include each and every "Call Center Representative" who worked for the Defendants at any time within the past three (3) years.

3. Plaintiff Francois also brings individual claims for violations of the FMLA.

## JURISDICTION

3. This action arises under the FLSA. The Plaintiff's claim exceeds thirty thousand dollars ("$30,000.00") exclusive of attorney's fees. Jurisdiction is proper in this court pursuant to section 26.012, Florida Statutes and 29 U.S.C. § 216(b)("An action to recover the liability …may be maintained against any employer … in any … State court of competent jurisdiction). Jurisdiction is also proper pursuant to § 26.012, Florida Statutes.

## VENUE

4. The actions giving rise to this action occurred within Orange County, Florida and therefore venue is proper in this District.

## PARTIES

5. Plaintiff was a "Call Center Representative" who worked for Defendant in Orange, County, Florida

6. Defendant is an e-commerce company that specializes in live entertainment and travel.

7. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

8. Defendant is engaged in an industry affecting commerce.

9. Defendant employs more than fifty (50) employees.

10. Defendant employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

11. Plaintiff is an "employee" as defined by the FMLA.

12. Defendant is an "employer" as defined by the FMLA.

## FACTUAL ALLEGATIONS

### Unpaid Overtime

13. Plaintiff, and those similarly situated employees, worked as "Call Center Representatives" and performed related activities for Defendant at multiple locations in the State of Florida and throughout the United States.

14. Plaintiff was hired on or about September 25, 2017.

15. In this capacity, Plaintiff, and those similarly situated, earned an hourly rate for all hours worked.

16. Plaintiff was paid an hourly rate of $15.00.

17. Plaintiff, and those similarly situated, also earned commissions based on performance.

18. Commissions were earned separately from hourly wages.

19. Defendant paid commissions during the same pay period they were earned.

20. Defendant paid commissions separately from the weekly wages.

21. For example, Plaintiff was paid $1,364.11 for the pay period ending on February 8, 2020.

22. Plaintiff's pay for the pay period ending on February 8, 2020 was calculated based on $15.00 per hour at 79.22 hours and $22.50 per hour at 4.57 hours of overtime worked. *See* Composite Exhibit A.

23. During the same pay period, Plaintiff earned $650.00 in commission.

24. However, Plaintiff received a separate check for $650.00 for her commission. *See* Composite Exhibit A.

3

25. Because the commission was paid separately, Defendant failed to properly calculate Plaintiff's hourly rate for purposes of computing overtime pay. *See* 29 C.F.R. § 778.118.

26. Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

27. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay, including commissions for the workweek, into the overtime premium rate, for *all* hours worked over forty in a workweek.

28. Plaintiff, and other similarly situated employees, were paid an hourly rate that did not factor in the rate of their earned commissions as per 29 C.F.R. § 778.118.

29. Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

30. As a result, Plaintiff and those similarly situated, should have received compensation higher than time and one half their regular rate of pay, for all hours worked beyond the forty (40) hours per week.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

32. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## FMLA

33. Plaintiff had no notable discipline in her record since her employment began.

34. Plaintiff was a top performer in her position.

35. Defendant suffers from a herniation in her lower back.

36. In July 2019, Plaintiff told Defendant that she needed lumbar fusion surgery for her injured back.

37. Plaintiff requested FMLA in July 2019.

38. Plaintiff was granted intermittent FMLA leave for usage between July 2019 and January 2020.

39. Plaintiff also asked for a medical accommodation of short breaks every hour because of her back condition.

40. Defendant refused to allow breaks for Plaintiff every hour.

41. Plaintiff's doctor tried to compromise and advised her to take breaks every two hours to which Defendant allowed.

42. However, Defendant complained to Plaintiff about her breaks whenever she took them throughout her intermittent FMLA.

43. Plaintiff also requested a higher chair as a medical accommodation around July 2019.

44. Defendant agreed to provide the higher chair during her FMLA.

45. However, by January 2020, Defendant had not provided the high chair to Plaintiff.

46. Additionally, Plaintiff was suddenly passed over for an event in Las Vegas in August or September of 2019.

47. The Las Vegas event was for top performers and a good business opportunity for Call Center Representatives.

48. Plaintiff's direct supervisor, Arelis Lopez, actually stated that Plaintiff was not selected to go to the Las Vegas event "because of her back issues."

5

49. Plaintiff made it clear to Defendant that she could, indeed, attend the Las Vegas event.

50. However, Defendant refused to allow Plaintiff to attend the Las Vegas event.

51. Defendant's refusal to allow Plaintiff to the Las Vegas event was because of her medical condition.

52. Defendant hand selected Call Center Representatives to go to the Las Vegas event that were not performing as well as Plaintiff.

53. In January 2020, Plaintiff was recertified for intermittent FMLA by her doctor for another six months.

54. During the second period of intermittent FMLA, Defendant continued to delay giving Plaintiff the high chair.

55. Defendant also counted Plaintiff's FMLA absences against her even though she was approved to take said time off.

56. Specifically, manager, Cythia Madera Labagnara, would charge points against Plaintiff for valid intermittent FMLA absences.

57. In approximately late January or February 2020, Defendant finally provided the high chair accommodation to Defendant.

58. The accommodation for the high chair had been requested in July 2019 – more than half a year after it was given.

59. Defendant terminated her on or about March 19, 2020.

## COVERAGE

60. At all material times relevant to this action (2017-2020), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

6

61. At all material times relevant to this action (2017-2020), Defendant made gross earnings of at least $500,000 annually.

62. At all material times relevant to this action (2017-2020), Defendant accepted payments from customers based on credit cards issued by out of state banks.

63. At all material times relevant to this action (2017-2020), Defendant routinely ordered materials or supplies from out of state. (i.e. office supplies and equipment, telephones, cellular phones, tablets, computers, internet materials and hardware).

64. At all material times relevant to this action (2017-2020), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. office supplies and equipment, telephones, cellular phones, tablets, computers, internet materials and hardware).

65. At all material times relevant to this action (2017-2020), Defendant used U.S. mail to send and receive letters to and from other states.

66. At all times relevant to this action (2017-2020), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff and the class members performed the same or similar job duties as one another in that they were Call Center Representatives for Defendant.

68. Plaintiff and the class members worked similar hours-approximately forty-plus hours per week.

69. Plaintiff and the class members were paid by the hour.

70. Plaintiff and the class members were eligible to receive commissions and bonuses.

71. Plaintiff and the class member's overtime pay did not include commissions in their regular rate of pay.

72. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay, including commissions, for all hours worked in excess of 40 hours in a workweek.

73. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

74. This policy or practice was applicable to Plaintiff and the class members.

75. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

76. Accordingly, the class members are properly defined as:

> **All Call Center Representatives who worked for Defendants, ENTERTAINMENT BENEFITS GROUP, LLC within the last three years who were not compensated at time-and-one-half their regular rate of pay, including any commissions, for all hours worked in excess of 40 hours in a workweek.**

77. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

78. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

79. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half and factored in commission rates for all hours worked in excess of 40 hours in a work week.

80. Because the weekly commissions were paid separately than weekly wages, Defendant failed to properly calculate Plaintiff and the class members' hourly rate for purposes of computing overtime pay. *See* 29 C.F.R. § 778.118.

81. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION
### VERSUS ENTERTAINMENT BENEFITS GROUP, LLC

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 81 above.

83. Plaintiff, and those similarly situated to her, worked for Defendant at various times from 2017 to 2020 as Call Center Representatives for Defendant's businesses located in Florida.

84. Defendant, ENTERTAINMENT BENEFITS GROUP, is a corporation doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

85. Throughout Plaintiff's employment, the Defendant, ENTERTAINMENT BENEFITS GROUP, repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours. Defendant failed to properly calculate Plaintiff and the class members' hourly rate for purposes of computing overtime pay. *See* 29 C.F.R. § 778.118.

9

86. Specifically, Plaintiff, and those similarly situated employees, worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed, plus factoring in commissions.

87. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to her, are in the possession and custody of Defendant, ENTERTAINMENT BENEFITS GROUP.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, demands judgment against Defendant, ENTERTAINMENT BENEFITS GROUP, for the payment of all overtime hours at one and one-half the regular rate of pay, including commissions, for the hours worked by them for which Defendant ENTERTAINMENT BENEFITS GROUP, did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - INTERFERENCE UNDER THE FMLA

88. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 81 above as if fully set forth herein.

89. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

90. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

91. Defendant was Plaintiff's employer as defined by the FMLA.

92. Plaintiff gave Defendant proper notice of her intention and need for FMLA leave.

93. Defendant complained about Plaintiff using intermittent FMLA.

94. Plaintiff requested reasonable accommodation of short breaks during work to assist her back symptoms.

95. Defendant complained about Plaintiff taking breaks as part of her intermittent FMLA.

96. Plaintiff also requested reasonable accommodation of a higher chair to assist her back symptoms.

97. Defendant failed to provide the back chair for more than half a year.

98. A little more than three months after Plaintiff was recertified for six months of FMLA, she was terminated.

99. Plaintiff's termination was an adverse employment action.

100. Defendant terminated Plaintiff because of her FMLA leave and/or FMLA related requests.

101. Plaintiff's manager made a comment which specifically showed her bias against her due to her medical issues.

102. Defendant took away Plaintiff's opportunity to attend the Las Vegas event because of her back condition.

103. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

104. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

105. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

106. Defendant's violations of the FMLA were willful.

107. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

    b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in her favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e. declaratory judgment that Defendant's practices toward Plaintiff violate his rights under the FMLA; and

    f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT III - RETALIATION UNDER THE FMLA

108. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 81 above as if fully set forth herein.

109. Plaintiff was, at all times relevant, employed by Defendant.

110. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

111. Plaintiff was, at all times relevant, entitled to FMLA-covered leave.

112. Defendant was Plaintiff's employer as defined by the FMLA.

113. Plaintiff gave Defendant proper notice of her intention and need for FMLA leave.

114. Defendant complained about Plaintiff using intermittent FMLA.

115. Plaintiff requested reasonable accommodation of short breaks during work to assist her back symptoms.

116. Defendant complained about Plaintiff taking breaks as part of her intermittent FMLA.

117. Plaintiff also requested reasonable accommodation of a higher chair to assist her back symptoms.

118. Defendant failed to provide the back chair for more than half a year.

119. A little more than three months after Plaintiff was recertified for six months of FMLA, she was terminated.

120. Plaintiff's termination was an adverse employment action.

121. Defendant terminated Plaintiff because of her FMLA leave and/or FMLA related requests.

122. Plaintiff's request to utilize FMLA leave was protected activity.

123. Plaintiff gave Defendant proper notice of her intention and need for FMLA leave.

124. Plaintiff's manager made a comment which specifically showed her bias against her due to her medical issues.

125. Defendant took away Plaintiff's opportunity to attend the Las Vegas event because of her back condition.

126. Plaintiff's termination was an adverse employment action.

127. A little more than three months after Plaintiff was recertified for six months of FMLA, she was terminated.

13

128. Plaintiff was terminated because of her attempt to use or usage of FMLA leave.

129. A causal connection exists between Plaintiff's protected activity and the adverse employment action.

130. Defendant was Plaintiff's employer as defined by the FMLA.

131. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

132. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

133. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

134. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

135. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

136. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

137. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

138. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

139. Defendant's violations of the FMLA were willful.

140. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this __**10th**__ day of **July**, **2020**.

Respectfully submitted by,

s/ Louis Montone
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.

15

          631 S. Orlando Ave., Suite 300
          Winter Park, Florida 32789
          Office: (407) 574-4999
          Facsimile: (833) 423-5864
          E-mail: lmontone@theleachfirm.com
          E-mail: maugello@theleachfirm.com
          **Attorneys for Plaintiff**

| | |
|---|---|
| 9AH  266931  100020   0000070031   1 | **Earnings Statement**  ADP |

ENTERTAINMENT BENEFITS GROUP LLC
19495 BISCAYNE BLVD STE 600
AVENTURA, FL 33180

Period Beginning: 01/26/2020
Period Ending: 02/08/2020
Pay Date: 02/13/2020

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  FL: No State Income Tax

SOPHIA FRANCOIS

## Earnings

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 15.0000 | 79.22 | 1,188.30 | 4,147.28 |
| Overtime | 22.5000 | 4.57 | 102.83 | 104.51 |
| Retroactive | | | 72.98 | 72.98 |
| Bonus | | | | 500.00 |
| Fmla Paid | | | | 45.00 |
| Worked Holiday | | | | 288.72 |
| **Gross Pay** | | | **$1,364.11** | 5,158.49 |

**Important Notes**
COMPANY PHNO :- 407-597-3546

BASIS OF PAY: HOURLY

## Deductions

| Deductions | | this period | year to date |
|---|---|---|---|
| Statutory | | | |
| Federal Income Tax | | -107.30 | 337.96 |
| Social Security Tax | | -81.21 | 306.39 |
| Medicare Tax | | -19.00 | 71.66 |
| Other | | | |
| Medical Pretax | | -34.51* | 138.04 |
| Uhc Pretax Den | | -16.78* | 67.12 |
| Uhc Pretax Vis | | -2.87* | 11.48 |
| 401K | | -40.92* | 146.03 |
| **Net Pay** | | **$1,061.52** | |
| Checking Acct | | -1,061.52 | |
| **Net Check** | | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $1,269.03

© 2000 ADP, LLC

ENTERTAINMENT BENEFITS GROUP LLC
19495 BISCAYNE BLVD STE 600
AVENTURA, FL 33180

Advice number: 00000070031
Pay date: 02/13/2020

Deposited to the account of
SOPHIA FRANCOIS

| account number | transit ABA | amount |
|---|---|---|
| | XXXX XXXX | $1,061.52 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

**COMPOSITE EXHIBIT A**

| 9AH | 266931 | 100020 | 0000070032 | 2 |

**Earnings Statement** ADP

ENTERTAINMENT BENEFITS GROUP LLC
19495 BISCAYNE BLVD STE 600
AVENTURA, FL 33180

Period Beginning: 01/26/2020
Period Ending: 02/08/2020
Pay Date: 02/13/2020

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 1
    FL: No State Income Tax

SOPHIA FRANCOIS

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Bonus | | | 650.00 | 1,150.00 |
| Regular | | | | 4,147.28 |
| Overtime | | | | 104.51 |
| Fmla Paid | | | | 45.00 |
| Retroactive | | | | 72.98 |
| Worked Holiday | | | | 288.72 |
| **Gross Pay** | | | **$650.00** | 5,808.49 |

**Important Notes**
COMPANY PHNO :- 407-597-3546

BASIS OF PAY: HOURLY

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -0.74 | 338.70 |
| | Social Security Tax | -40.30 | 346.69 |
| | Medicare Tax | -9.42 | 81.08 |
| | Other | | |
| | 401K | -19.50* | 165.53 |
| | Medical Pretax | | 138.04 |
| | Uhc Pretax Den | | 67.12 |
| | Uhc Pretax Vis | | 11.48 |
| **Net Pay** | | | **$580.04** |
| Checking Acct | | | -580.04 |
| **Net Check** | | | **$0.00** |

* Excluded from federal taxable wages
Your federal taxable wages this period are $630.50

© 2000 ADP, LLC

ENTERTAINMENT BENEFITS GROUP LLC
19495 BISCAYNE BLVD STE 600
AVENTURA, FL 33180

Advice number: 00000070032
Pay date: 02/13/2020

Deposited to the account of    account number    transit ABA    amount
SOPHIA FRANCOIS                                  XXXX XXXX      $580.04



**NON-NEGOTIABLE**